# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MICHAEL LAMONTE TURNER,<br>            Appellant, | DOCKET NUMBER<br>DC-0432-15-0197-I-1 |
| v. | |
| DEPARTMENT OF ENERGY,<br>            Agency. | DATE: February 18, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosemary Dettling, Washington, D.C., for the appellant.

Kathryn B. Allen and Michelle Antonette Davis, Washington, D.C., for
    the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed his alleged involuntary resignation appeal for lack of jurisdiction.
Generally, we grant petitions such as this one only when:  the initial decision
contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In this alleged involuntary resignation appeal, the appellant argued, in pertinent part, that the agency failed to accommodate his Post Traumatic Stress Disorder (PTSD) and that its failure to do so both worsened his medical condition and constituted harassment. Initial Appeal File (IAF), Tab 1, Tab 19 at 4. He argued that the agency's failure to accommodate him made it impossible for him to perform the essential functions of his position and claimed that a reasonable person in his position would have felt compelled under the circumstances to resign. IAF, Tab 19 at 4. He also argued that the agency's actions created a hostile work environment. IAF, Tab 24 at 4. The agency moved to dismiss some of the appellant's claims for lack of jurisdiction, arguing that he had voluntarily resigned rather than accept a performance-based removal and that there were no further reasonable accommodations beyond those it already had afforded him that would enable him to perform the essential functions of his position. IAF, Tab 11 at 7-14. The agency defended its removal action, noting the appellant's failure to meet 10 of the 11 requirements of a performance improvement plan (PIP). *Id.* The administrative judge denied the agency's motion and granted the appellant a jurisdictional hearing on his involuntary resignation claim. IAF, Tabs 11, 16.

¶3 After holding the jurisdictional hearing, the administrative judge dismissed the appeal, finding that the appellant failed to establish that the agency effectively imposed the terms of his resignation because "he had a significant, realistic alternative" to resigning by challenging his pending removal in a Board appeal. IAF, Tab 31, Initial Decision (ID) at 11. The administrative judge found that the appellant failed to show that the agency lacked reasonable grounds to remove him on the basis of his performance or that it knew that the reasons for that action could not be substantiated, and he also found that the appellant failed to show that the agency imposed his resignation through any improper acts, misinformation, or coercion. ID at 12. As the following discussion indicates, we agree that the appellant failed to establish jurisdiction over this appeal.

¶4 Regarding the appellant's allegation that the agency discriminated against him by failing to accommodate his PTSD, the administrative judge found that the agency granted many of the generic accommodations that his physician identified as helpful to an individual suffering from PTSD, save for giving him a private office. ID at 12-13. Importantly, the administrative judge found that none of the appellant's requested accommodations, including a private office, would have ameliorated his performance deficiencies, in that it would not have changed the appellant's reported practice of manually entering information into computer spreadsheets rather than creating formulas to properly use the software tools the agency provided for him to do his job. ID at 13.

¶5 In light of the chronology of events, the administrative judge found that the record suggested that the appellant's resignation was not motivated by his work environment or his accommodation requests because the appellant's resignation did not occur in relation to the events involving those factors; instead, the appellant chose to resign the day before the agency was to effect his performance-based removal. ID at 13-14. Thus, the administrative judge found that the appellant failed to establish by preponderant evidence that the agency's response to his accommodation request was coercive. ID at 14. Because the

appellant failed to present evidence sufficient to cast doubt on the voluntariness of his resignation, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 14-15.

¶6      In his timely filed petition for review, the appellant argues that he was denied the opportunity to object to the agency's exhibits, which he contends were not authenticated and contained unreliable hearsay. Petition for Review (PFR) File, Tab 1 at 3. The appellant asserts, without explanation, that the administrative judge failed to consider his veterans' preference rights and claims that the administrative judge also neglected to consider his allegations of a hostile working environment in the context of his resignation. *Id.* at 3, 5. The appellant also reiterates some of his arguments regarding the agency's accommodation efforts and again challenges the basis of the performance-based removal that was pending when he chose to resign. *Id.* at 6-7. He submits numerous documents with his petition for review that date from well before the record closed, claiming that his attorney failed to submit them for the hearing despite his instruction for her to do so. *Id.* at 6, 12-79. He also submits an arbitration decision concerning another agency employee that was issued after the initial decision in this appeal. *Id.* at 6, 9-12. The agency responds in opposition. PFR File, Tab 3. The appellant moved for an extension of time to submit his reply to the agency's response, which the Clerk of the Board denied because the appellant submitted it after the due date for his reply. PFR File, Tabs 2, 4-5. The appellant then submitted a motion to file his reply late, in which he explained the difficulty he experienced securing copies of the jurisdictional hearing transcript on compact disc, along with his reply to the agency's response.[2] PFR File, Tabs 6-8.

¶7      An employee-initiated action, such as a resignation, is presumed to be voluntary unless the appellant presents sufficient evidence to establish that the

---

[2] In light of the appellant's verified difficulty in securing a playable audio recording of his Board hearing, PFR File, Tab 6 at 3-4, we grant the motion to accept his reply to the agency's response, PFR File, Tab 7.

action was obtained through duress, coercion, or misinformation, or if the appellant demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to resign. *E.g.*, *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 11 (2011); *see Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 8 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). The reasonable person test is objective and does not depend on the appellant's subjective characterization of the agency's actions. *See Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996).

¶8      The U.S. Court of Appeals for the Federal Circuit has consistently maintained that "[t]he doctrine of coercive involuntariness is a narrow one, requiring that the employee satisfy a demanding legal standard." *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1121 (Fed. Cir. 2013); *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc). In *Conforto*, the court further stated, "An employee's dissatisfaction with the options that an agency has made available to him is not sufficient to render his decision to resign or retire involuntary." *Conforto*, 713 F.3d at 1121. Accordingly, the court explained, "coerced involuntariness does not apply if the employee resigns or retires because he does not like agency decisions such as 'a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant . . . that he feels he has no realistic option but to leave.'" *Id.* at 1121-22 (quoting *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996)). Moreover, the coercion must arise from improper acts by the agency. *Id.* at 1122.

¶9      Where, like in the instant appeal, an appellant raises allegations of discrimination in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness. *Markon,* 71 M.S.P.R. at 578. Thus, in an involuntary resignation appeal, evidence of discrimination goes to the ultimate question of coercion, i.e., whether

under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign. *Id.* Additionally, we note that the appellant herein resigned the day before the effective date of his performance-based removal. It is well settled that, where an employee is faced with the unpleasant alternative of resigning or being subjected to an adverse action, the resulting resignation cannot be considered an involuntary resignation unless the employee shows that the agency lacked reasonable grounds for threatening to take the adverse action. *See, e.g.*, *Terban v. Department of Energy*, 216 F.3d 1021, 1026 (Fed. Cir 2000); *Schultz v. United States Navy*, 810 F.2d 1133, 1135-36 (Fed. Cir. 1987); *Aurandt v. Department of the Air Force*, 53 M.S.P.R. 591, 596-97 (1992). For the reasons explained in the initial decision, we agree with the administrative judge that the appellant failed to show that his resignation was involuntary.

¶10     Concerning the appellant's arguments on review, our review of the record does not verify his claim that the administrative judge precluded him from objecting to the agency's exhibits. Hearing Compact Disc (HCD) 1; PFR File, Tab 1 at 3. As stated in the prehearing conference summary, IAF, Tab 21 at 5, the administrative judge would ask the parties at the beginning of the hearing if they had any objections to each other's exhibits, and, at that time, the appellant's attorney did not make a single objection, only choosing to discuss the necessity of submitting an entire deposition transcript when using an excerpt of that transcript for impeachment purposes, HCD 1. Having failed to interpose such an objection during the proceedings below, the appellant may not now object to the administrative judge's rulings. *See, e.g.*, *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 9 (2010).

¶11     Moreover, concerning this allegation, as well as the appellant's contention that his attorney failed to submit certain other exhibits even though he asked her to do so, PFR File, Tab 1 at 6, it is well settled that the appellant is responsible for the errors of his chosen representative, *Sofio v. Internal Revenue Service*,

7 M.S.P.R. 667, 670 (1981). Regarding the exhibits that the appellant's attorney failed to submit, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The documents in question, save for the arbitration decision discussed below, all date from before the close of the record in the appeal, and the appellant does not assert that these documents were unavailable before that time despite his due diligence. PFR File, Tab 6, at 12-79. Instead, as noted above, the appellant states that his attorney did not introduce them. *Id.* at 6; *see Sofio*, 7 M.S.P.R. at 670.

¶12        The appellant claims that the arbitration decision he submits on review, issued after the record closed, illustrates that agency officials generally do not understand reasonable accommodation and that the agency's assertion in his appeal that it had accommodated him is false. PFR File, Tab 1 at 6, 9-12. Nevertheless, much like initial decisions in Board appeals, arbitration decisions are not controlling authority. *Cf. Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 13 (2008), *aff'd*, 596 F.3d 1375 (Fed. Cir. 2010); *Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988). Moreover, there are significant distinguishing factors. The cases involve different medical conditions, as well as different charges, and the record does not reflect that the managers criticized in the cited arbitration decision for failure to fulfill their responsibilities as to that employee's accommodation request had anything to do with the appellant's request. PFR File, Tab 1 at 9-12. The appellant, therefore, has failed to establish that the arbitration decision he cites is entitled to any weight in this appeal.

¶13        An agency's failure to provide an employee with a reasonable accommodation may establish that such an employee's resignation was involuntary. *E.g.*, *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010). The appellant cites *Hosozawa* in support of his petition for

review, but the case is only authority for the proposition that such an allegation is a nonfrivolous one that will require a jurisdictional hearing. *Id.* Because, as noted above, the administrative judge held a jurisdictional hearing in this appeal, *Hosozawa* is distinguishable and does not aid the appellant in establishing his claim by preponderant evidence.

¶14    Moreover, as noted above, the administrative judge found that the agency granted many of the appellant's generic accommodation requests save for providing him with a private office. As recounted by the administrative judge, the appellant's physician testified that the list of suggested accommodations he provided to the agency was not tailored to the appellant's position or to his individual diagnosis but was instead copied from a website as potentially helpful for people generally suffering from PTSD. ID at 3-4, 8; *see* IAF, Tab 19 at 17-19. Further and perhaps more importantly, we agree with the administrative judge that there is nothing in the record to indicate that those generic accommodations, or even the specific accommodation the appellant cites on review, a private office, PFR File, Tab 1 at 7, would have ameliorated his performance deficiencies, ID at 13.

¶15    Ultimately, the appellant failed to show that the agency denied him any accommodation that, according to his doctor, would have allowed him to satisfactorily perform the duties of his position despite his alleged disability. We have considered the appellant's challenges to these findings on review, PFR File, Tab 1 at 5–8, but discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge, *see, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105–06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).[3]

---

[3] As previously noted, the appellant alleges on review that he administrative judge failed to consider his veterans' preference rights. PFR File, Tab 1 at 3. To the extent the appellant is attempting to file an appeal under the Uniformed Services Employment

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

and Reemployment Rights Act or the Veterans Employment Opportunities Act, he may do so with the Board's regional office.

10

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.