# United States Court of Appeals for the Federal Circuit

2009-3111


CHRISTOPHER D. ROCHE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Kevin A. Sills, National Air Traffic Controllers Association, of Washington, DC, argued for petitioner. With him on the brief was Marguerite L. Graf.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3111

CHRISTOPHER D. ROCHE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in NY0752070359-I-1.

_____

DECIDED: March 4, 2010

_____

Before LOURIE, DYK, Circuit Judges, and KENDALL,[*] District Judge.

KENDALL, District Judge.

Petitioner Christopher D. Roche ("Roche"), a former employee of the Federal Aviation Administration ("FAA"), appeals from a final judgment of the Merit Systems Protection Board ("the Board") dismissing his case for lack of jurisdiction. Because we find that the Board did not err in applying the definition of "employee" set forth in 5

_____

[*]    Honorable Virginia M. Kendall, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

U.S.C. § 7511, and Roche does not dispute that he worked for too little time to qualify as an employee under that definition, we affirm.

I. BACKGROUND

Roche began his employment as an Air Traffic Control Specialist with the FAA on February 16, 2006. On June 28, 2007, the FAA sent Roche a Notice of Proposed Removal from federal service on the grounds that he had inappropriately touched a female co-worker, exposed his genitalia to the same female co-worker, and made sexually suggestive gestures in front of several co-workers. Roche's attorney sent a letter responding to the notice. Upon further investigation, the FAA found the allegations against Roche supported by the evidence and informed him that he would be removed from his position on September 1, 2007. Roche's employment with the FAA lasted a total of 562 days, or approximately 1.55 years.

The FAA's letter informing Roche of his impending removal notified him that he could appeal its decision in one of three ways: through the contractual grievance procedure available to members of the National Air Traffic Controllers Association, through the FAA's internal personnel-action review process, or by appeal to the Board. Roche filed a timely appeal with the Board on September 20, 2007, and an Administrative Judge ("AJ") conducted a three-day hearing in his case between December 4, 2007 and December 6, 2007.

On April 25, 2008, before reaching a final decision, the AJ issued an order to show cause as to why Roche's appeal should not be dismissed for lack of jurisdiction because Roche does not fall under the definition of employee set forth in 5 U.S.C. § 7511. Roche responded with many of the same arguments he now presents as to

why § 7511 does not apply to his case, including the unique nature of the FAA's personnel system and the narrow coverage of Title 5 of the United States Code ("Title 5") with respect to FAA employees. In the alternative, Roche maintained that he needed only one year of current continuous service to qualify as an employee under § 7511, both because Air Traffic Control Specialist should be considered a "competitive service" position under § 7511(a)(1)(A), and because his service in the Gulf War qualified him as "preference eligible in the excepted service" under § 7511(a)(1)(B). In a separate response to the AJ's show cause order, the FAA supported Roche's position that Title 5's definitional provisions do not apply to FAA employees, but disagreed that Roche qualifies as preference eligible or as a member of the competitive service.

On May 30, 2008, the AJ issued an initial decision applying § 7511 and dismissing Roche's appeal for lack of jurisdiction. The AJ found that Roche's employment did not constitute competitive service, that he did not qualify for preference eligible status, and that he did not work for long enough to qualify as an excepted service employee. Roche appealed the AJ's initial decision, and the National Air Traffic Controllers Association filed an amicus curiae brief in support of Roche's position.

The full Board affirmed on December 8, 2008, determining that the definitional provisions in § 7511 apply to Roche. In so holding, the Board relied on its own finding in prior cases that § 7511 applies in FAA removal appeals, as well as this Circuit's indication in Coradeschi v. Department of Homeland Security, 439 F.3d 1329, 1332 (Fed. Cir. 2006), that an individual appealing to the Board under 49 U.S.C. § 40122 must meet the definition of employee in § 7511. If it were instead to apply the FAA's definition of employee, the Board reasoned that a larger category of individuals would

be able to appeal than could have appealed as of March 31, 1996, and Congress expressed a clear intent in 49 U.S.C. § 40122(g)(3) to restore the Board's jurisdiction over only those individuals who could have appealed as of March 31, 1996. The Board then rejected Roche's alternative arguments that he qualifies as a competitive service employee and that he is entitled to preference eligible status. Because it found that Roche does not qualify as an employee under § 7511, the Board dismissed his appeal for lack of jurisdiction.

This appeal followed.[1] The court has jurisdiction over Roche's petition pursuant to 5 U.S.C. § 7703.

## II. DISCUSSION

I.      Standard of Review

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulating having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3). The court reviews whether the Board has jurisdiction over an appeal de novo. See Coradeschi, 439 F.3d at 1331 (Fed. Cir. 2006) (citing Butler v. Soc. Sec. Admin., 331 F.3d 1368, 1371-72 (Fed. Cir. 2003)).

II.     Statutory Background

In order to "provide for greater flexibility in the hiring, training, compensation, and location" of FAA employees, 49 U.S.C. § 40122(a), Congress established an FAA Personnel Management System as part of the 1996 Department of Transportation and

---

[1] The case received its current caption following an uncontested motion by the Department of Transportation.

Related Agency Appropriations Act ("DOT Act"), Pub.L. No. 104-50, § 347, 109 Stat. 436, 460 (1995) (codified at 49 U.S.C. § 40122). The terms of the original DOT Act exempted all but seven provisions of Title 5 from the Personnel Management System:

> (b) The provisions of title 5, United States Code, shall not apply to the new personnel management system developed and implemented pursuant to subsection (a), with the exception of–
> (1) section 2302(b), relating to whistleblower protection;
> (2) sections 3308-3320, relating to veterans' preference;
> (3) section 7116(b)(7), relating to limitations on the right to strike;
> (4) section 7204, relating to antidiscrimination;
> (5) chapter 73, relating to suitability, security, and conduct;
> (6) chapter 81, relating to compensation for work injury; and
> (7) chapters 83-85, 87, and 89, relating to retirement, unemployment compensation, and insurance coverage.

Pub.L. No. 104-50, § 347, 109 Stat. 436, 460 (1995). Because this list did not include the Board's jurisdictional grant in Chapter 77 of Title 5, this court held in two decisions that FAA employees could no longer appeal to the Board. See Diefenderfer v. Merit Sys. Prot. Bd., 194 F.3d 1275, 1278-79 (Fed. Cir. 1999) (the Board lacked jurisdiction to hear whistleblower claims by FAA employees who were otherwise covered by federal whistleblower protection statute); Allen v. Merit Sys. Prot. Bd., 127 F.3d 1074, 1076 (Fed. Cir. 1997) (the Board lacked jurisdiction to hear an FAA employee's appeal of removal).

Dissatisfied with the DOT Act's foreclosure of appeal rights to the Board, Congress passed the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("the Ford Act") in 2000, which restored the Board's jurisdiction to hear appeals from FAA employees. See Pub.L. No. 106-181, §§ 307(a), 308(b), 114 Stat. 61 (2000) (codified as amended 49 U.S.C. § 40122(g)(2)(H) & (g)(3)). The Ford Act added an eighth category to the list of Title 5 provisions still applicable to the FAA's Personnel

Management System.  See 49 U.S.C. § 40122(g)(2)(H) (listing "sections 1204, 1211-1218, 1221, and 7701-7703, relating to the Merit Systems Protection Board" as a new "exception" to the general rule that "provisions of title 5 shall not apply to the new personnel management system").  The Ford Act then clarified in a subsequent provision that "an employee of the Administration may submit an appeal to the Merit Systems Protection Board and may seek judicial review of any resulting final orders or decisions of the Board from any action that was appealable to the Board under any law, rule, or regulation as of March 31, 1996."  49 U.S.C. § 40122(g)(3).  Neither the Ford Act nor the DOT Act directly addresses what definition of "employee" courts should use in determining the Board's jurisdiction over appeals by FAA employees.

III.     Applicable Definition of "Employee"

Roche's appeal is unique in that the propriety of the Board's decision declining to exercise jurisdiction hinges on the applicable definition of the word "employee"—and, more specifically, whether the FAA's internal definition or § 7511's definition should apply.  Under the FAA's definition, personnel who are "not serving a probationary or trial period, or . . . [have] served more than one year of service on a temporary appointment" qualify as employees.[2]  Under § 7511, on the other hand, an individual in an excepted service position like Roche[3] only qualifies as an employee if he "has completed 2 years of current continuous service in the same or similar positions in an Executive agency

---

[2] See FAA Personnel Management System, Chapter III, Performance Management, https://employees.faa.gov/org/staffoffices/ahr/policy_guidance/hr_policies /pms/pms ch3/.

[3] Although contested in Roche's appeal before the Board, Roche does not now dispute that his position as Air Traffic Control Specialist constituted an "excepted service" position.

under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C). Because the parties do not dispute that Roche, who worked for the FAA for 1.55 years, qualifies as an employee under the FAA's regulations but not under § 7511's definition, the Board was correct to decline jurisdiction if the definition set forth in § 7511 governs.

At first glance, it might seem incongruous that even after the passage of the Ford Act—a statute designed to reinstate the opportunities for litigants to appeal to the Board—the Board would lack jurisdiction over Roche's appeal. However, an analysis of the relevant provisions of the Ford Act and this Circuit's precedent leads both to the affirmative conclusion that the definitional provisions in § 7511 should apply to Roche's appeal, and to the reverse conclusion that the FAA's definition should not apply.

The history and text of the Ford Act demonstrate that in order to restore the Board's jurisdiction to its March 31, 1996 status, Congress incorporated by reference several sections of Title 5 not specifically enumerated in the Ford Act itself. Between 1996, when Congress passed the DOT Act, and 2000, when it passed the Ford Act, the Board did not have jurisdiction over any FAA appeals and, as such, FAA personnel lost their previous status as employees under § 7511. See Allen, 127 F.3d at 1076 (holding that petitioner could not appeal his removal from FAA employment to the Board because petitioner had lost his status as an "employee under 5 U.S.C. § 7511"). With the goal of reinstating "the right of FAA employees to submit appeals to the MSPB," see S. Rep. No. 106-9, at 36 § 425 (1999), § 40122(g)(3) of the Ford Act states that "employees" may appeal "from any action that was appealable to the Board under any law, rule, or regulation as of March 31, 1996." 49 U.S.C. § 40122(g)(3). Section

40122(g)(3) problematically does not, however, specifically list those laws, rules, or regulations that made certain actions appealable to the Board before April 1, 1996.

Nor do the sections of Title 5 listed in § 40122(g)(2)(H) of the Ford Act contain all of those laws, rules, and regulations. Of particular relevance to this case, 5 U.S.C. §§ 7512(1) and 7513(d) are not among those sections listed in the Ford Act, and yet these are the provisions making removal actions like Roche's appealable to the Board. See Allen, 127 F.3d at 1076 (explaining that these provisions make FAA removal decisions appealable to the Board). Although 5 U.S.C. § 7701, one of the sections that the Ford Act lists as now applying to the FAA, details the appellate procedures available to FAA personnel, that section (like § 40122(g)(3)) does not independently provide the Board with jurisdiction over specific types of actions. See 5 U.S.C. § 7701(a) ("An employee . . . may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation.").

The question then becomes whether sections of Title 5 other than those specifically enumerated in the Ford Act may be invoked to give the Board jurisdiction over particular types of matters. "It is axiomatic that statutory construction begins with the language of the statute itself." Van Wersch v. Dep't of Health & Human Servs., 197 F.3d 1144, 1148 (Fed. Cir. 1999). Both § 40122(g)(3) and § 7701 explicitly refer to other "law[s], rule[s], and regulation[s]" that make available appeal to the Board. If the laws, rules, and regulations giving the Board jurisdiction over specific actions no longer applied, it would render § 40122(g)(3) superfluous. Such a result would contravene the "longstanding canon of statutory construction that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous."

Beck v. Prupis, 529 U.S. 494, 506 (2000); see also Colautti v. Franklin, 439 U.S. 379, 392 (1979) (describing the "elementary canon of construction that a statute should be interpreted so as not to render one part inoperative").

Further supporting the interpretation that Congress incorporated by reference certain laws, rules, and regulations—namely, § 7512(1) and § 7513(d)—§ 7513(d) itself refers to "section 7701" as the means by which "an employee against whom action is taken under this section" may "appeal to the Merit Systems Protection Board." 5 U.S.C. § 7513(d). In this Circuit's recent decision in Coradeschi, we reasoned that the Board had jurisdiction over a petitioner's removal action under § 7513(d) because the petitioner could have appealed to the Board under this provision as of March 31, 1996, and the Ford Act restored jurisdiction over actions that could have been heard on March 31, 1996. See 439 F.3d at 1332; see also Van Wersch, 197 F.3d at 1147 (explaining that pursuant to § 7512(1) and § 7513(d), a removal is one of the actions appealable to the Board under § 7701); Goldberg v. Dep't of Transp., 97 M.S.P.R. 441, 444 (2004) (holding that the Ford Act allowed an FAA employee to appeal an adverse action covered by 5 U.S.C. § 7512 to the Board). When Congress restored to FAA employees the appeal rights that they had before the DOT Act went into effect on April 1, 1996, therefore, we find that Congress incorporated by reference "law[s], rule[s], and regulation[s]" like the one allowing the appeal of removals set forth in § 7512 and § 7513. See 5 U.S.C. § 7701; 49 U.S.C. § 40122(g)(3).[4]

_____

[4] Roche points to this Circuit's interpretation of the Ford Act in Gonzalez v. Department of Transportation, 551 F.3d 1372 (Fed. Cir. 2009), and the Board's decision in Hart v. Department of Transportation, 109 M.S.P.R. 280 (2008), to support his position that the Ford Act did not incorporate § 7512 and § 7513. However, neither case is inconsistent with our conclusion here. In Gonzalez, we held that because we

Notably, in arguing that § 7512(1) and § 7513(d) do not apply to confer jurisdiction over his appeal, Roche fails to provide an alternative basis for the Board's jurisdiction. Roche attempts to analogize to the Board's initial decision in Jewell v. Department of Homeland Security, where it determined that the jurisdictional basis for a petitioner's appeal came from a TSA internal directive establishing that removals may be appealed to the Board. See DE-0752-05-0091-I-1, 2005 MSPB LEXIS 2860, at *4 (M.S.P.B. May 19, 2005) (Initial Decision), petition for review denied, 100 M.S.P.R. 63 (2005). Even though Roche maintains that the jurisdictional concerns in this case "are identical to those addressed in Jewell," Pet. Br. at 19, Roche fails to identify any comparable directive in the FAA regulations that gives the Board jurisdiction over his case. "The jurisdiction of the Board is not plenary. Rather, it is limited to those matters specifically entrusted to it by statute, rule, or regulation." Van Wersch, 197 F.3d at 1146 (citing Todd v. Merit Sys. Prot. Bd., 55 F.3d 1574, 1576 (Fed. Cir. 1995)). Because the FAA's definition of employee is not itself a jurisdictional grant, and parties may not

must construe waivers of sovereign immunity narrowly, we could not "create an exception" making an award of back pay under the Back Pay Act "available to FAA employees where the language of § 40122 denies that remedy." See Gonzalez, 551 F.3d at 1375. Unlike in Gonzalez, where we found that none of the eight enumerated exceptions in § 40122(g)(2)(h) of the Ford Act lists or refers to the Back Pay Act, see id. at 1375, we conclude here that the general language of the Ford Act incorporates § 7512 and § 7513. See 5 U.S.C. § 7513(d). Roche's reliance on the Board's decision in Hart is similarly misplaced. Although Hart held that the FAA's Personnel Management System, not 5 U.S.C. § 7513(b), sets forth the procedural protections to which an employee is entitled before being placed on enforced leave, it did not address the Board's jurisdiction over removals of FAA employees or the definition of employee that should apply. See Hart, 109 M.S.P.R. at 285. Moreover, unlike § 7513(d), which specifically grants appeal rights to the Board "under section 7701," § 7513(b) does not refer to any section of Title 5 enumerated in the Ford Act. See 5 U.S.C. § 7513. Thus, the Board's reasoning in Hart is not inconsistent with this Court's finding that the Board correctly concluded that § 7512(1) and § 7513(d) apply to FAA employees.

confer subject matter jurisdiction on a tribunal like the Board, see Zumerling v. Marsh, 783 F.2d 1032, 1034 (Fed. Cir. 1986), Roche presents no viable alternative to § 7512(1) and § 7513(d) that would give the Board jurisdiction over his appeal.

The court's inquiry does not end there, however, because the fact that provisions for appeal of removal actions (§ 7512(1) and § 7513(d)) are applicable to FAA employees does not necessarily mean that the Board should apply the definition of "employee" set forth in § 7511. Again beginning with the language of the relevant statutes, see Van Wersch, 197 F.3d at 1148, the jurisdictional grant in § 7513(d) applies to "an employee against whom action is taken." 5 U.S.C. § 7513(d). Just as § 7513(d) refers to § 7701 as the provision under which an employee may appeal to the Board, § 7511 refers to the rest of the subchapter, including 7513(d), when it provides a definition of employee. See 5 U.S.C. § 7511 ("(a) For purposes of this subchapter—(1) "employee" means— . . . ."). Thus, § 7511 appears to be incorporated by reference in the same way that § 7512(1) and § 7513(d) are incorporated to by reference. Cf. Orquera v. Ashcroft, 357 F.3d 413, 418-19 (4th Cir. 2003) (explaining that "legislators frequently employ" phrasing like "as in effect before October 1, 1996" to "preserve through incorporation by reference a concept, definition, or specific analytic structure set out in a repealed or preamendment statute"). Moreover, because the definition of "employee" in § 7511 applied prior to April 1, 1996 to limit the Board's jurisdiction, incorporating this definition into the Ford Act's statutorial scheme is the only way to ensure Congress's purpose of resurrecting the right to appeal by the same "employees" who could have appealed "as of March 31, 1996." See 49 U.S.C. § 40122(g)(3).

Two of this Circuit's decisions support the conclusion that the Board did not abuse its discretion in finding that § 7511 applies. First, in a case decided before the DOT or Ford Acts, we described the interrelationship between the law providing the basis for the Board's jurisdiction and the definition of "employee" within that law: "the extent of the [B]oard's jurisdiction depends upon the particular definition of 'employee' in the law, rule or regulation which forms the underlying basis for the Board's jurisdiction." See Antolin v. Dep't of Justice, 895 F.2d 1395, 1396-97 (Fed. Cir. 1989). Applying this principle, the definition of employee in chapter 75 (provided in § 7511) would appear to apply, because the basis for the Board's jurisdiction over FAA removal claims like Roche's is found in that chapter. Second, in a more recent case applying the terms of the Ford Act, we found that "TSA personnel who meet the definition of 'employee' under 5 U.S.C. § 7511 may appeal his or her removal action to the MSPB."[5] Coradeschi, 439 F.3d at 1332. Although Coradeschi's actual holding addressed the sufficiency of the petitioner's factual allegations that he qualified as an employee under § 7511, see id. at 1333-34, in describing the relevant statutory authority we stated that the definition of employee in § 7511 should apply to determine the Board's jurisdiction over removal actions, id. at 1332. Our reasoning in Coradeschi thus further supports our determination here that the Ford Act did not simply grant appellate jurisdiction according to the procedures of § 7512 and § 7513 to FAA employees, but incorporated any definitional references contained within chapter 75 as part of that appellate scheme.[6]

---

[5] TSA employees are subject to the FAA's Personnel Management System except to the extent that the Department of Homeland Security modifies that system. See 49 U.S.C. § 114(n); 49 U.S.C. § 40122(h)-(i).

[6] Several decisions of the Board have also determined that the definitional provisions in § 7511 apply. Each of these cases cites to 5 U.S.C. §§ 7511, 7512, and

Roche relies solely on the Board's decision in Jewell, 2005 MSPB LEXIS 2860, for the proposition that the FAA's definition of "employee" should apply. In Jewell, the AJ reasoned that the Board should look to the definitions set forth in the FAA's Personnel Management System, because §§ 7511-7513, "which provide definitions, actions covered, and cause and procedure, do not apply" under the language of the Ford Act. Id. at *3. Not only does this decision have no precedential value, see Rockwell v. Dep't of Commerce, 39 M.S.P.R. 217, 222 (1998), but the Board's denial of review does not indicate agreement with the AJ's reasoning because the Board may deny a petition if the error is not outcome determinative. See Panter v. Dep't of the Air Force, 22 M.S.P.R. 281, 282 (1984) (explaining that if an adjudicatory error is not prejudicial to a party's substantive rights, it does not provide a basis for reversal). Moreover, as explained above, although the FAA's internal regulations provide a definition of employee, they fail to supply the crucial jurisdictional grant that the TSA's internal regulations supplied in Jewell, and that led to the Board's determination that the FAA's definition should apply. See Jewell, 2005 MSPB LEXIS 2860, at *3-4.

---

7513 with the parenthetical explanation: "providing 'employees,' as defined in Section 7511(a), with the right to appeal removals and other adverse actions to the Board." See, e.g., Cruz-Packer v. Dep't of Homeland Sec., 102 M.S.P.R. 64, 67 (2006) (assuming jurisdiction to hear an appeal from a Transportation Security Administration employee as long as that individual "meets the definition of an 'employee' under" § 7511); Zambito v. Dep't of Homeland Sec., 100 M.S.P.R. 550, 552 (2006) ("Under the personnel management system that is applicable to FAA employees, the removal of an individual who meets the definition of an 'employee' under 5 U.S.C. § 7511 may be appealed to the Board."); Connolly v. Dep't of Homeland Sec., 99 M.S.P.R. 422, 425 (2005) (same); Lara v. Dep't of Homeland Sec., 97 M.S.P.R. 423, 429 (2004) (assuming that § 7511 applies to determine whether a potential appellant qualifies as a TSA "employee").

In addition to the affirmative evidence that § 7511's definition of "employee" should apply to Roche's appeal, the court also finds persuasive the lack of evidence that Congress intended to expand the category of FAA personnel who could appeal to the Board beyond what was permitted on March 31, 1996 through use of the broader definition of "employee" provided in the FAA's regulations. As the Board noted in its decision below, applying the FAA's definition would expand the category of those who could appeal to political appointees and those who just began working for the FAA. See Roche v. Dep't of Transp., 110 M.S.P.R. 286, 289 (2008). We cannot infer a significant change in the law "unless an intent to make such a change is clearly expressed." See John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 136 (2008) (quoting Keene Corp. v. United States, 508 U.S. 200, 209 (1993)). Thus, this court will not infer Congress's intent to widen the category of personnel who qualify as "employees" without a clear expression of its intent to do so. Indeed, the language of § 40122(g)(3) expresses the opposite intent—that is, to grant appeal rights to the same category of individuals who could appeal before April 1, 1996. 49 U.S.C. § 40122(g)(3) (providing the right to appeal "any action that was appealable to the Board under any law, rule, or regulation as of March 31, 1996").

It is unfortunate that the Board's denial of jurisdiction leaves Roche with no other avenue for appeal, as his two other administrative options are now time-barred. For the reasons explained above, however, this court does not find that the Board erred in determining that the definition of "employee" set forth in § 7511 applies to Roche's appeal. The parties do not dispute that Roche's term of employment was too short to

qualify under § 7511, and, as such, the Board rightly dismissed his petition for lack of jurisdiction.

## III. CONCLUSION

Because the Board did not err in finding that it may hear FAA removal appeals only from Title 5-qualifying employees, the court affirms the Board's dismissal of Roche's appeal for lack of jurisdiction.

AFFIRMED.