**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIAM FRANCIS RAYBOURN, Appellant, | DOCKET NUMBER DC-0752-13-6481-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, Agency. | DATE: August 18, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William Francis Raybourn, Aberdeen, North Carolina, pro se.

Michael C. Denny, Esquire, Quantico, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    On August 4, 2013, the appellant filed an appeal of his placement in a furlough status effective July 8, 2013.  Initial Appeal File (IAF), Tab 1 at 3.  The appellant asserted that the furlough action was improper because he met the definition of a "deployed civilian" and thus was exempt from the furlough.  *Id.* at 5, 7.  On December 15, 2014, the administrative judge issued an initial decision, based on the written record,[2] affirming the agency's furlough action.  IAF, Tab 9, Initial Decision (ID).

¶3    On March 9, 2016, the appellant filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date that the appellant received the initial decision.  5 C.F.R. § 1201.114(e).  The initial decision was issued on December 15, 2014, and sent to the appellant, who is a registered e-filer, the same day.  ID at 1; IAF, Tab 1 at 2.  Board documents served electronically on registered e-filers are deemed received on the date of the electronic submission.  5 C.F.R. § 1201.14(m)(2).  Thus, the appellant's petition for review was due on or before January 20, 2015,[3] and his March 9, 2016 petition for review was untimely filed by almost 14 months.

¶5    On March 10, 2016, the Clerk of the Board notified the appellant that his petition for review appeared to be untimely filed.  PFR File, Tab 2.  The Clerk of the Board explained that the Board's regulations require that petitions for review

---

[2] The appellant did not request a hearing.  IAF, Tab 1 at 2.

[3] Because the filing deadline fell on January 19, 2015, a Federal holiday, it is extended until January 20, 2015.  5 C.F.R. § 1201.23.

that are untimely filed must be accompanied by a motion to accept the filing as timely or to waive the time limit for good cause shown, provided the appellant with a blank copy of such a motion, and stated that any such motion was due by March 25, 2016. *Id.* The appellant did not file a motion for the Board to accept his petition for review as timely or waive the time limit.

¶6    The Board will waive the time limit for filing a petition for review only on a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Harrison v. Office of Personnel Management*, 114 M.S.P.R. 453, ¶ 5 (2010) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7    On review, the appellant asserts that good cause exists for his untimely filing based on precedent issued after the expiration of the petition for review filing deadline. PFR File, Tab 1 at 5, 13-21. In particular, he cites to a March 4, 2016 initial decision in the appeal of *In re Redstone Arsenal, Group B v. Department of the Army*, MSPB Docket No. AT-0752-14-0561-I-1, which found that individuals whom the appellant alleges are similarly situated were exempt from being furloughed under the "deployed civilian" exemption and reversed the agency's furlough actions. *Id.* at 13-21.

¶8    We find that these circumstances do not constitute good cause for the delay. By failing to file a timely petition for review, the appellant decided to forego his

opportunity to request that the Board reverse the administrative judge's decision affirming the agency's furlough action. The issuance of new precedent after the expiration of the time period for filing a petition for review does not establish good cause for waiver of the time limit. *See, e.g.*, *Olson v. Department of Agriculture*, 91 M.S.P.R. 525, ¶ 6 (2002); *Deem v. Office of Personnel Management*, 58 M.S.P.R. 468, 470 (1993); *see also Shiansky v. Department of Transportation*, 33 M.S.P.R. 103, 105, *aff'd*, 831 F.2d 306 (Fed. Cir. 1987) (Table). Moreover, *In re Redstone Arsenal, Group B* does not mandate reversal of the initial decision in this appeal because Board initial decisions are of no precedential value and cannot be cited or relied on as controlling authority. *Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 13 (2008), *aff'd*, 596 F.3d 1375 (Fed. Cir. 2010); *Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988); 5 C.F.R. § 1201.113.

¶9      Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the furlough action.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.