# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTINE BELGUM,

        Appellant,

      v.

UNITED STATES POSTAL SERVICE,

        Agency.

DOCKET NUMBER
DE-0752-17-0120-A-1

DATE: January 23, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hartley David Alley, Esquire, San Antonio, Texas, for the appellant.

Deborah M. Levine, Esquire, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The agency has filed a petition for review of the addendum initial decision, which ordered the agency to pay the appellant $72,501.66 in attorney fees and costs. For the reasons discussed below, we GRANT the agency's petition for review. Except as expressly MODIFIED by this Final Order to adjust the reasonable hourly rate of attorney fees, we AFFIRM the initial decision.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant filed a timely appeal of the agency's decision to remove her from Federal service, effective December 13, 2016.  *Belgum v. U.S. Postal Service*, MSPB Docket No. DE-0752-17-0120-I-2, Tab 46, Initial Decision (I-2 ID) at 1 (Dec. 12, 2017).  The appellant, a member of the United Postmasters and Managers of America (UPMA), was represented in the appeal by private counsel obtained by the UPMA.  Addendum Petition for Review File (APFR) File, Tab 16 at 9.  The administrative judge reversed the appellant's removal on due process grounds.  I-2 ID at 1, 13, 17.  The initial decision became the final decision of the Board after neither party filed a petition for review.  I-2 ID at 20.

The appellant filed a petition for attorney fees, requesting $64,725 in attorney, paralegal, and travel fees, and $7,129.08 in costs, for a total of $71,854.08, incurred in connection with her removal appeal.  *Belgum v. U.S. Postal Service*, MSPB Docket No. DE-0752-17-0120-A-1, Attorney Fees File (AFF), Tab 1 at 4, 28, 30.  She requested an additional $3,600 in fees for work her attorney performed on her attorney fee motion.  AFF, Tab 5 at 4, 11.  In support of her motion, the appellant submitted a copy of the December 22, 2016 fee agreement that she entered into with her attorney, reflecting an agreed upon rate of $400 per hour for his work, $150 per hour for his travel time, and $150 per hour for paralegal work.  AFF, Tab 2 at 4, Tab 7 at 4-9.  She also submitted declarations under penalty of perjury from her attorney and other attorneys attesting to the reasonableness of those rates.  AFF, Tab 1 at 14-15, Tab 2 at 5-8.

The administrative judge issued an addendum initial decision granting the appellant's motion for attorney fees and expenses for $72,501.66.  AFF, Tab 15, Addendum Initial Decision (AID) at 1, 12.  The administrative judge found that the appellant was the prevailing party and that fees were warranted in the interest of justice because the agency's act of depriving the appellant of her property interest without minimum due process was clearly without merit.  AID at 3-4.  He found that she was entitled to attorney fees because there was no double recovery

or fee splitting issue concerning her representation by a private UPMA-retained attorney. AID at 8-9. He also determined that, even though the appellant's attorney was private retained counsel for the UPMA, he was entitled to market rate fees. AID at 8. He further found that the hourly rates requested were reasonable because they were the rates identified in the December 2016 retainer agreement and the appellant showed that they were commensurate with the local prevailing rate for similar services in Denver, Colorado, which the administrative judge determined was the community in which her attorney ordinarily practiced. AID at 5-7. He calculated the lodestar at 158.5 hours at $400 per hour for attorney work, 30.5 hours of attorney travel at $150 per hour, and 2.8 hours at $125 per hour for paralegal work, and awarded her fees in the amount of $68,325. AID at 9-10. Finally, he found that some of the appellant's claimed expenses were not recoverable and thus, reduced her allowable costs to $4,176.66. AID at 11-12.

The agency has filed a petition for review challenging the administrative judge's decision to find the appellant's requested attorney hourly rate of $400 reasonable. APFR File, Tab 3 at 5-17. The appellant has filed a response. APFR File, Tab 8.

Because the record appeared to be inadequately developed, the Acting Clerk of the Board ordered the appellant to submit any agreements between the appellant and the UPMA regarding her legal representation, and any agreements between the appellant's attorney and the UPMA as to the legal representation of the appellant in particular and members of the UPMA in general, to the extent that they existed. APFR File, Tab 9 at 1-3. The Acting Clerk of the Board also afforded the appellant an opportunity to provide argument and evidence as to which agreement most accurately reflected the maximum reasonable hourly rate and why, if the rates included therein were different from those reflected in the December 2016 retainer agreement. *Id.* at 3. The appellant objected to the show cause order, but nonetheless provided a copy of her agreement with the UPMA

and an agreement between her attorney and the UPMA regarding the legal representation of UPMA members in general. APFR File, Tab 14 at 4-18, Tab 16 at 7-16. The appellant filed the agreements with the Board by mail and requested that they be placed under seal, in accordance with the administrative judge's Protective Order entered into the record in the initial appeal. APFR File, Tab 14 at 5; *Belgum v. U.S. Postal Service*, MSPB Docket No. DE-0752-17-0120-I-1, Initial Appeal File (IAF), Tabs 12-13. The agency submitted a response, attaching the legal representation agreements, and filed it with the Board's e-Appeal Online Repository. APFR File, Tab 16. The appellant submitted a reply, arguing that the agency and the Board violated the terms of the Protective Order by allowing the documents to appear in the "open record." APFR File, Tab 17 at 4-9. The agency submitted a further reply. APFR File, Tab 18.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We find no merit to the appellant's objection to the Acting Clerk of the Board's order and deny her request to file the legal representation agreements under seal.</u>

The appellant raises two primary challenges in her response to the Acting Clerk of the Board's show cause order. First, the appellant argues that the Acting Clerk exceeded her authority because, in ordering the appellant to submit the legal representation agreements, the Acting Clerk effectively overruled the administrative judge's decision to deny the agency's discovery request concerning those documents, which, she argues, the Office of the Clerk of the Board is prohibited from doing in the absence of a Board quorum. APFR File, Tab 14 at 5-6. The administrative judge denied the agency's request to reopen discovery because it was procedurally defective and untimely. AFF, Tab 14. That is an appropriate basis upon which to deny a discovery request. *See Golden v. U.S. Postal Service*, 60 M.S.P.R. 268, 271 n.* (1994) (finding that the administrative judge properly dismissed the appellant's motion to compel discovery because it was untimely). Nonetheless, the Board is obligated to comply with its statutory duty that only reasonable attorney fees are awarded.

*Kling v. Department of Justice*, 2 M.S.P.R. 464, 470 (1980); *see* 5 U.S.C. § 7701(g)(1).  The Board has the authority to "order any Federal agency . . . to comply with any order" related to its adjudication of "all matters within [its] jurisdiction."  5 U.S.C. § 1204(a)(1)-(2).  In considering petitions for review, the Board may issue a decision, hear oral arguments, require briefing, remand for further adjudication, or take any other action necessary for the final disposition of the case.  5 C.F.R. § 1201.117(a).  The Board has delegated to the Office of the Clerk of the Board the authority to sign and issue orders to show cause.  *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 11 n.8 (2016); MSPB Organization Functions and Delegations of Authority at 8-9 (April 2011), https://www.mspb.gov/foia/files/Organization_Functions_and_Delegations_of_Authority_1279407.pdf (last visited January 23, 2024).

The appellant also argues that the legal representation agreements are covered by the Protective Order and should be filed under seal.  APFR File, Tab 14 at 5.  Pursuant to the Protective Order, the administrative judge agreed to seal, upon request, any documents, which current or former employees "would reasonably expect the employer to maintain as private," such as "personal data identifiers, medical and health information," and employment records.  IAF, Tab 12 at 4, 6, Tab 13 at 3.  We find that the legal agreements do not fall into the category of documents discussed by the Protective Order.  Moreover, contrary to the appellant's assertion, the documents are not "open record[s]"; they are not available to the public by e-Appeal Online or through the Board's website.  *See Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 23 n.5 (2012).  Accordingly, we deny the appellant's request to seal all or part of the record.

The appellant's attorney is entitled to $56,651.66 in fees and expenses.

To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show the following elements:  (1) she was the

prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011). The administrative judge found that the appellant met the first three elements. AID at 3-4. These findings are supported, well-reasoned, and unchallenged on review. *Id.* Accordingly, we decline to revisit them here and focus on the agency's challenges to the administrative judge's finding regarding the final element—the reasonableness of the fees claimed.

In determining the reasonable fee award, the Board first calculates the "lodestar"—the product of the reasonable hourly rate multiplied by the hours reasonably spent working on the matter. *Driscoll*, 116 M.S.P.R. 662, ¶ 10. To establish the appropriate hourly rate, an attorney fee petition must contain a copy of a fee agreement, if any, as well as evidence of the attorney's customary billing rate for similar work. *Hart v. Department of Transportation*, 115 M.S.P.R. 10, ¶ 14 (2010). When it is agreed that a specific fee be paid to an attorney for legal services rendered on behalf of an appellant in a Board case, the Board presumes that the amount agreed upon represents the maximum reasonable fee that may be awarded. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 7 (2015). This presumption is rebuttable by convincing evidence that the agreed upon rate was not based on marketplace considerations and that the attorney's rate for similar work was customarily higher, or by showing that he had agreed to such a rate only because of the employee's reduced ability to pay and that his customary fee for similar work was significantly higher. *Id.*

*The appellant's attorney is entitled to market rate fees.*

The agency reasserts that there is an outstanding question whether the Board is prohibited from awarding the appellant's attorney fees based on his relationship with the UPMA. APFR File, Tab 3 at 12-15. When a union or related entity retains a private attorney on an appellant's behalf, the union or

entity is viewed as a party standing in the appellant's shoes, and attorney fees may be awarded. *Jennings v. Department of the Navy*, 45 M.S.P.R. 615, 616 n.1 (1990). Moreover, as the administrative judge properly found, private counsel retained by a union or similar entity are generally entitled to market rate fees if there is no impermissible fee splitting arrangement. AID at 8; *see Thompson v. Department of Justice*, 115 M.S.P.R. 564, ¶¶ 10-13 (2010). The appellant is not limited to recovery of her actual costs of $6,000. *See Thompson*, 115 M.S.P.R. 564, ¶ 10.

We agree with the administrative judge that there is no indication that the appellant's attorney would be engaging in impermissible fee splitting with the UPMA. AID at 8-9; *see* Model Rules of Prof'l Conduct R. 5.4 (2021) (finding that attorneys are generally prohibited from sharing fees with non-attorneys, or forming a business entity controlled, even in part, by non-attorneys). As reflected in the UPMA attorney legal representation agreement, the parties do not have a fee-splitting arrangement. APFR File, Tab 16 at 10-16. Rather, the appellant's attorney agreed to refund the UPMA for fees and expenses paid to him in connection with his representation of a UPMA member. *Id.* at 14; AFF, Tab 5 at 7, Tab 7 at 7, Tab 11 at 3. His reimbursement obligations are distinct from a fee sharing arrangement, and they do not pose the ethical dilemma of fee splitting that may otherwise prevent him from receiving market rate attorney fees. *See Sailor-Nimocks v. Office of Personnel Management*, 66 M.S.P.R. 438, 441-43 (1995) (finding no ethical dilemma regarding fee-sharing when the attorney agreed to reimburse her union employer for the expenses incurred and the union would not profit from the attorney fee award), *abrogated on other grounds by Raney v. Federal Bureau of Prisons*, 222 F.3d 927 (Fed. Cir. 2000). Accordingly, we find that the appellant's attorney is entitled to market rate attorney fees.

*The maximum reasonable rate for the work performed by the appellant's attorney is $300 per hour.*

Regarding the reasonableness of the attorney's hourly rate, the administrative judge found that the requested hourly rate of $400 for attorney work performed was reasonable. AID at 5-6. In so finding, he concluded that, based on the December 2016 retainer agreement, $400 was the maximum reasonable hourly rate. AID at 5-6. The administrative judge did not have the benefit of reviewing the UPMA-attorney representation agreement when he made that finding. However, we consider the issue of which agreement most accurately reflects the maximum reasonable hourly rate because the parties have had an opportunity to fully address this issue on review and because, as previously noted, the Board is obligated to comply with its statutory duty that only reasonable attorney fees are awarded. APFR File, Tabs 9, 14, 16-18; *see Kling*, 2 M.S.P.R. at 470.

Pursuant to the UPMA-attorney representation agreement, the UPMA agreed to pay the appellant's attorney an hourly rate of $300 for his work performed in all covered appeals, which apparently includes removal appeals, such as the underlying action at issue here.[2] APFR File, Tab 16 at 9, 10-12. The appellant's attorney signed the UPMA-attorney representation agreement in August 2016, about 5 months prior to signing the December 22, 2016 fee agreement. *Id.* at 16; IAF, Tab 7 at 9. The UPMA-attorney representation agreement stated that it would "commence on November 1, 2016, and remain in effect until April 30, 2019." APFR File, Tab 16 at 15. Further, the agreement applied to all covered actions, indicating that $300 was the customary rate the appellant's attorney charged the UPMA for representing members, such as the appellant, in removal appeals before the Board, such as the underlying action

---

[2] Pursuant to the December 2016 retainer agreement, the appellant agreed to pay her attorney hourly fees of $400 per hour for services not covered by the UPMA. AFF, Tab 7 at 6-7. However, there is no indication that any of the fees and expenses incurred in connection with her removal appeal were for services not covered by the UPMA. APFR File, Tab 16 at 11-12.

here.  *Id*. at 11-12.  The record reflects that, on December 20, 2016, the appellant signed a UPMA Designation of Representation and Subscription to Appeal form designating the UPMA legal defense representative as her representative and authorizing him to proceed with a Board appeal on her behalf.  *Id*. at 9.

Based on the foregoing, we find the UPMA attorney legal representation agreement covered the legal services at issue here, and that it created a rebuttable presumption that a $300 hourly rate represents the maximum reasonable hourly rate which may be awarded.  *See Caros*, 122 M.S.P.R. 231, ¶ 7.  We turn next to the question of whether the appellant has rebutted that presumption by convincing evidence by showing that the agreed upon rate was not based on marketplace considerations and that the attorney's rate for similar work was customarily higher, or by showing that he had agreed to such a rate only because of the employee's reduced ability to pay and that his customary fee for similar work was significantly higher.  *Id*.

In deciding this issue, we consider the additional sworn statement that the appellant's attorney submitted on review, in which he reasserts that he was entitled to the $400 hourly rate based on his experience and expertise in this field and alleges that, in two initial decisions, the Board's administrative judges found $400 to be his customary and reasonable hourly rate.  APFR File, Tab 14 at 8-15, 18.  We also consider the December 2016 retainer agreement as evidence that the appellant's attorney may charge higher rates to individual clients.[3]  IAF, Tab 7 at 9.  In addition, we consider the declarations under penalty of perjury from two

---

[3] The agency argues that the December 2016 fee agreement is fraudulent.  APFR File, Tab 3 at 6-8.  The agency speculates that the appellant's attorney falsely represented to the Board that the fee agreement was from 2016, when it clearly related to the parties' 2018 engagement because it discussed a claim for suspension without pay that did not arise until 2018.  *Id*. at 7-8.  The agency raises this argument for the first time on review.  The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The agency has not made this showing; therefore, we decline to consider this argument.

attorneys that the appellant submitted to support the requested $400 hourly rate. AFF, Tab 2 at 5-8.

Even if this evidence showed that the customary hourly rate or fees for the appellant's attorney were generally higher, the appellant has not met her burden of rebutting the presumed reasonableness of the agreed upon hourly rate of $300. The appellant has not provided any argument or evidence indicating that her attorney agreed to that reduced fee based on her or the UPMA's ability to pay, for example. *Cf. Ishikawa v. Department of Labor*, 26 M.S.P.R. 258, 260 (1985) (finding that the appellant's attorney successfully rebutted the presumption that the agreed upon rate was the maximum fee awardable by showing that she had agreed upon that rate only because of the employee's reduced ability to pay and that her customary fee for similar work was significantly higher); *see generally Caros*, 122 M.S.P.R. 231, ¶ 7. Moreover, the appellant has failed to show that the agreed upon hourly rate of $300 was not based on marketplace considerations. *See Caros*, 122 M.S.P.R. 231, ¶ 7. As stated by our reviewing court, a contract for services that contains an hourly rate is evidence of the local market rate "because the client freely agreed to pay the rate[] by entering into the contract." *Willis v. U.S. Postal Service*, 245 F.3d 1333, 1340 (Fed. Cir. 2001). While the initial decisions referred to by the appellant on review may support her attorney's allegation that his rate was generally higher, they are not binding precedent on the Board. *See Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 13 (2008) (stating that the Board's initial decisions are not precedential), *aff'd*, 596 F.3d 1375 (Fed. Cir. 2010).

While the appellant has provided declarations under penalty of perjury from two attorneys in support of the requested $400 hourly rate, we find this evidence, even coupled with evidence relating to the appellant's attorney's customary rate, falls short of the convincing evidence needed to rebut the reasonableness of the agreed upon $300 hourly rate. As noted by the administrative judge, the relevant legal market for setting the hourly rate is the

community in which an attorney ordinarily practices and not the geographic location of a Board office. *Id*.; AID at 7; *see* 5 C.F.R. § 1201.203(a)(3); 64 Fed. Reg. 72040, 72041 (Dec. 23, 1999) (explaining that amendments to 5 C.F.R. § 1201.203(a)(3) were intended to ensure that an attorney received the billing rate for location where he ordinarily practices and not based on the geographic location where the hearing was held). The administrative judge found Denver, Colorado to be the relevant geographic community and the parties have not provided a basis for disturbing this finding on review. AID at 7-8. One of the declarations, submitted from an attorney who is licensed in Texas and maintains offices in San Antonio, Texas, states that "rates of up to $650" are reasonable for representation in appeals before the Board's offices. AFF, Tab 2 at 7-8. This declaration does not shed light on the customary market rate for Denver, Colorado, and is therefore unpersuasive.

The second declaration, submitted from an attorney who maintains offices in Windsor, Colorado, also appears to describe billing practices in relation to the geographic location of Board offices. AFF, Tab 2 at 5-6. The attorney states, among other things, that "billing rates of $400.00 per hour for a qualified attorney and $175.00 per hour for paralegal work are customary and reasonable rates for representation of [F]ederal employees in appeals of adverse actions brought before the [Board]'s . . . Denver Field Office, the Dallas Regional Office, and the Atlanta Regional Office." *Id*. at 6. Even if this attorney's declaration could be construed as reflecting a $400 per hour customary rate for the Denver, Colorado community, it is insufficient, even coupled with evidence regarding the customary rate of the appellant's attorney, to rebut the presumed reasonableness of the $300 hourly rate. "[I]n the context of a different but comparable fee recovery statute," *Willis*, 245 F.3d at 1341, our reviewing court stated that "the trial court should demand adequate proof from individuals familiar with the market of the community billing rate charged by attorney of equivalent skill and experience performing services of similar complexity," *Raney*, 222 F.3d at 938.

The declaration at issue provides no indication that that attorney has knowledge of the work the appellant's attorney performed in this appeal, or any clear indication that the $400 per hour rate applies to services of similar complexity to those provided by the appellant's attorney in the instant matter. We also note that, in the declaration, the attorney does not indicate whether he has prevailed on a fee petition before the Board and, if so, what hourly rate was awarded. *See Willis*, 245 F.3d 1333, 1340 (noting that evidence indicating that the appellant's attorneys' rates were found reasonable "lends credence to the assertions in their affidavits that their rates were indeed average").

Accordingly, we find that the appropriate rate for calculating the lodestar is $300 per hour for the work performed by the appellant's attorney, and modify the initial decision in this regard. The parties do not dispute the administrative judge's finding that the hourly rates of $150 for travel time and $125 for paralegal work were reasonable, and we discern no basis for altering those findings. AID at 9.

*The lodestar must be recalculated.*

As the administrative judge explained, AID at 9, the burden of establishing the reasonableness of the hours claimed in an attorney fee request is on the party moving for an award of attorney fees, *Driscoll*, 116 M.S.P.R. 662, ¶ 11. The administrative judge found that the appellant claimed 158.5 hours for attorney work (149.5 hours plus an additional 9 hours litigating the motion for attorney fees), 30.5 hours of travel time, and 2.8 hours of paralegal time. AID at 9; AFF, Tab 1 at 28, Tab 5 at 11. Although the agency argued that a reduction in the hours was warranted, the administrative judge found that the claimed hours were reasonable and that no reduction was warranted. AID at 10. The parties do not challenge this finding on review; therefore, we decline to revisit it.

As a result, we multiply the claimed attorney time, 158.5 hours, by the lowered reasonable rate of $300 per hour ($47,550); the claimed travel time, 30.5 hours, by the reasonable travel rate, $150 per hour ($4,575); and the claimed

paralegal time, 2.8 hours, by the paralegal rate, $125 per hour ($350); for a total of $52,475. AID at 9; *see Driscoll*, 116 M.S.P.R. 662, ¶ 10. The administrative judge found no basis for adjusting the lodestar, and we discern none. AID at 10; *see e.g., Driscoll,* 116 M.S.P.R. 662, ¶ 10 (providing that the lodestar amount may be adjusted upwards or downwards based on various considerations, including the results obtained). Consequently, we reduce the appellant's fees from $68,325, to $52,475 in fees, and modify the initial decision accordingly.[4]

The administrative judge found that the appellant was entitled to $4,176.66 in compensable expenses. AID at 10-12. As the parties do not challenge this finding, we decline to reconsider it on review. Accordingly, we find that the appellant is entitled to $52,475 in fees, and to $4,176.66 in compensable expenses, for a total award of $56,651.66.

## ORDER

We ORDER the agency to pay the attorney of record $56,651.66 in fees. The agency must complete this action no later than 20 days after the date of this decision. Title 5 of the United States Code, section 1204(a)(2) (5 U.S.C. § 1204(a)(2)).

We also ORDER the agency to tell the appellant and the attorney promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the attorney to provide all necessary information that the agency requests to help it carry out the Board's Order. The appellant and the attorney, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant or the attorney that it has fully carried out the Board's Order, the appellant or the attorney may

---

[4] Neither party has challenged the administrative judge's decision not to adjust the lodestar. AID at 10; *see generally Driscoll,* 116 M.S.P.R. 662, ¶¶ 10, 16 (explaining that it may be appropriate to reduce the lodestar to reflect a party's failure to obtain all the relief he requested).

file a petition for enforcement with the office that issued the initial decision on this appeal, if the appellant or the attorney believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the attorney believes the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. *See* 5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you _only_ if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must _receive_ your petition for review within **60 days** of _the date of issuance_ of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:         _____
                       Jennifer Everling
                       Acting Clerk of the Board

Washington, D.C.