**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JANICE A. BRISSETTE,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DOCKET NUMBER<br>DC-1221-13-0170-W-2<br><br><br><br>DATE: August 10, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clayton C. Ikei</u>, Esquire, Honolulu, Hawaii, for the appellant.

<u>Barbara Zanotti</u>, Esquire, and <u>Kevin Greenfield</u>, Esquire, Washington,
　　D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to vacate the portion of the initial decision finding that the agency proved by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's protected disclosures, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant was the Director of Resource Management at the agency's Raven Rock Mountain Complex (RRMC), Washington Headquarters Services (WHS), from October 2006, until her retirement in January 2011.  *Brissette v. Department of Defense*, MSPB Docket No. DC-1221-13-0170-W-2, Appeal File (W-2 AF), Tab 5 at 3, 7, Tab 9 at 14.  After exhausting her administrative remedies with the Office of Special Counsel, the appellant filed an IRA appeal and requested a hearing, alleging that the agency took various personnel actions against her in retaliation for disclosures she made in 2009 and 2010.  *Brissette v. Department of Defense*, MSPB Docket No. DC-1221-13-0170-W-1, Initial Appeal File (IAF), Tab 1.[2]  The appellant alleged that, in late 2009 and early 2010, she

---

[2] The appellant also checked the box on her Board appeal form indicating that she was raising a claim of prohibited discrimination.  IAF, Tab 1 at 24.  The Board lacks the authority to decide, in conjunction with an IRA appeal, the merits of an appellant's allegation of prohibited discrimination.  *Newcastle v. Department of the Treasury*,

informed a WHS employee—who was investigating a possible Antideficiency Act[3] violation at RRMC—that RRMC's Deputy Commander had directed an engineer to expend funds on the construction of modular showers in excess of the amount authorized for the project. *Id.* at 8-9. The appellant also alleged that she disclosed various types of wrongdoing at RMCC in a complaint that she filed with the agency's Office of Inspector General (OIG) in September 2010. *Id.* at 12-13. Among other things, in her OIG complaint, the appellant claimed that asbestos at RRMC had been removed improperly and that RRMC's Deputy Commander and former Commander had bypassed security screening measures when entering the facility. *Id.* at 96-97.

¶3 The appellant alleged on appeal to the Board that the agency took the following actions against her in reprisal for her disclosures:

(1) In October 2009, the agency lowered her in the chain of command by ordering her to report directly to RRMC's Chief of Staff instead of the Deputy Commander, who had been the appellant's immediate supervisor since she was hired at RRMC;

(2) In May 2010, the agency transferred the Common Access Card function from the appellant's directorate to another directorate;

(3) In October 2010, the agency transferred the Human Resources and Manpower/Management functions from the appellant's directorate to another directorate; and

(4) In January 2011, the selecting official for a Financial Manager position in Afghanistan withdrew the appellant's tentative offer for the position after contacting her references.

---

94 M.S.P.R. 242, ¶ 12 (2003). Therefore, the administrative judge properly did not decide the appellant's allegations of discrimination.

[3] The Antideficiency Act, Pub. L. No. 97-258, 96 Stat. 923, prohibits Federal employees from authorizing an expenditure exceeding the amount available in an appropriation or fund for the expenditure. 31 U.S.C. § 1341(a).

IAF, Tab 1 at 114-16.

¶4    After finding Board jurisdiction, W-2 AF, Tab 26, and holding a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action, W-2 AF, Tab 49, Initial Decision (ID) at 2, 59. She found that 2 of the appellant's 11 alleged disclosures were protected, specifically (1) the information that she provided the WHS investigator,[4] and (2) the allegation in her OIG complaint that RRMC officials had bypassed security screening procedures. ID at 10-35. The administrative judge further found, however, that the appellant failed to establish that either disclosure was a contributing factor in any of the personnel actions at issue.[5] ID at 36-57. In the alternative, the administrative judge found that, even if the appellant had proven the contributing factor element of her appeal, she was not entitled to corrective action because the agency proved by clear and convincing evidence that it would have taken the same personnel actions in the absence of the protected disclosures. ID at 57-59.

¶5    The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1, 6. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

---

[4] The administrative judge identified the appellant's allegation concerning asbestos removal as a protected disclosure instead of the information she provided the investigator. ID at 35. However, in her detailed analysis of each disclosure, the administrative judge found that the information the appellant provided the investigator was a protected disclosure, ID at 10-12, and that the appellant's allegation regarding asbestos removal was not, ID at 12-15. Also, in her contributing factor analysis, the administrative judge clearly indicated that the information the appellant provided the investigator was a protected disclosure. ID at 48-53. Based on our review, it appears that the administrative judge found that the information the appellant provided the investigator was protected but inadvertently indicated otherwise on page 35 of the initial decision.

[5] In the initial decision, the administrative judge considered the appellant's apparent argument that the agency retaliated against her by offering her a Voluntary Early Retirement Authority/Voluntary Separation Incentive Plan retirement package even though she never indicated that she wished to retire. ID at 37 n.2. As discussed further below, the administrative judge found that the agency's presenting a retirement package to the appellant was not one of the personnel actions at issue in this appeal. *Id.*

## ANALYSIS

### The administrative judge properly denied the appellant's request for corrective action.[6]

¶6        Under the Whistleblower Protection Act (WPA),[7] after establishing the Board's jurisdiction in an IRA appeal, the appellant must prove by preponderant evidence that she engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8) and that such disclosure was a contributing factor in a personnel action taken against her.  5 U.S.C. § 1221(e)(1); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 11 (2012).  If the appellant meets that burden, then the Board shall order such corrective action as it considers appropriate unless the agency shows by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure.  5 U.S.C. § 1221(e)(1)-(2); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 12 (2011).

¶7        Neither party has specifically challenged the administrative judge's findings regarding which disclosures were protected, nor have they challenged the administrative judge's finding that neither of the appellant's protected disclosures was a contributing factor in the personnel actions at issue in this appeal.  Therefore, we have not further considered these issues.  *See* 5 C.F.R. § 1201.115 (stating that the Board normally will consider only issues that are raised on review).

¶8        On review, the appellant challenges the administrative judge's finding that the offer of a Voluntary Early Retirement Authority/Voluntary Separation

---

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[7] Because all of the relevant events in this IRA appeal occurred before the Whistleblower Protection Enhancement Act of 2012 (WPEA) took effect on December 27, 2012, the WPA, as clarified by the WPEA, applies to the appellant's claims.  *See generally Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 3, 7-26 (2013) (discussing the effective date of the WPEA, as well as its retroactivity).

Incentive Plan (VERA/VSIP) retirement package was not a personnel action for purposes of this appeal. PFR File, Tab 1 at 2-3, Tab 6; *see* ID at 37 n.2. The appellant alleges that the administrative judge erred by making this finding without considering the credibility of the agency witnesses regarding the circumstances of the offer. PFR File, Tab 1 at 2. In particular, the appellant claims that the administrative judge failed to consider that the Deputy Commander provided an equal employment opportunity (EEO) investigator and the Board conflicting accounts of the presentation of the offer. PFR File, Tab 1 at 3, Tab 6. The appellant alleges that the Deputy Commander informed an EEO counselor that "he gave [the appellant] the VERA/VSIP" retirement package, but subsequently stated before the Board that he "never met with [the appellant] to present the VERA/VSIP package to her or discussed the package with her." PFR File, Tab 1 at 3, 21 (quoting IAF, Tab 7 at 39, 107), Tab 6.

¶9    We disagree with the appellant's apparent assertion that the administrative judge should have found that the retirement offer was a personnel action because of alleged inconsistencies in the Deputy Commander's statements to the EEO counselor and the Board as to whether he presented the offer to the appellant in person. The alleged inconsistencies cited by the appellant have no bearing on whether the retirement package offer was a personnel action.

¶10    In support of her finding that the retirement offer was not a personnel action for purposes of this appeal, the administrative judge noted that her jurisdictional order did not identify the presentation of the retirement package as one of the personnel actions at issue and that the appellant did not object to the list of actions in that order. ID at 37 n.2; *see* W-2 AF, Tab 26 at 3. In addition, the administrative judge found the offer of a retirement package did not meet the definition of "personnel action" set forth in 5 U.S.C. § 2302(a)(2)(A)(i-xii). *Id.* We discern no reason to disturb the administrative judge's explained finding that the offer of a retirement package was not one of the agency actions at issue in this appeal.

¶11     To the extent that the appellant argues on review that the administrative judge erred in crediting the Deputy Commander's testimony because of the alleged inconsistencies in his two statements addressing the presentation of the retirement package to the appellant, we find this argument unpersuasive. PFR File, Tab 1 at 29. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶12     The appellant has not identified such reasons. In the written declaration he submitted to the EEO investigator, the Deputy Commander stated that he "offered" the appellant the retirement package; he did not say that he gave it to her in person, as the appellant seems to contend. IAF, Tab 7 at 107. Thus, the appellant has not shown that the Deputy Commander's statements to the EEO counselor are inconsistent. In any event, the alleged discrepancies cited by the appellant relate to minor matters and do not constitute sufficiently sound reasons to disturb the administrative judge's credibility findings. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 459 (1987) (determining that inconsistent statements do not necessarily render a witness's testimony incredible).

¶13     Because we have found that the appellant failed to prove that her protected disclosures were contributing factors in any of the personnel actions at issue in this appeal, it is unnecessary to decide whether the agency proved by clear and convincing evidence that it would have taken those actions in the absence of her disclosures. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd,* 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings concerning whether the agency met its clear and convincing burden.

<u>The administrative judge properly exercised her discretion in excluding the exhibits attached to the appellant's prehearing submissions.</u>

¶14    On review, the appellant argues that the administrative judge erred in excluding as evidence the exhibits attached to her prehearing submissions. PFR File, Tab 1 at 22-23; *see* W-2 AF, Tab 34 at 11-124, Tab 35 at 6. The administrative judge excluded these exhibits as a sanction for the appellant's counsel's failure to comply with the December 11, 2012 order directing the agency's and appellant's counsel to register as e-filers and file all of their pleadings electronically. W-2 AF, Tab 35 at 6; *see* IAF, Tab 2.

¶15    Administrative judges may impose various sanctions upon the parties as necessary to serve the ends of justice. 5 C.F.R. § 1201.43; *see Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶¶ 8-12 (2007) (finding that an administrative judge did not abuse her discretion by canceling the requested hearing as a sanction for repeated failure to provide additional information). When a party fails to comply with an order, the administrative judge may eliminate from consideration any appropriate part of the pleadings or other submissions of the party that fails to comply with the order. 5 C.F.R. § 1201.43(a)(4). Imposing sanctions is a matter within the administrative judge's sound discretion and, absent a showing that such discretion has been abused, the administrative judge's determination will not be found to constitute reversible error. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 11 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012).

¶16    The record shows that the appellant's counsel did not register as an e-filer until April 2014,[8] and he inexplicably terminated his registration on November 3, 2014. W-2 AF, Tab 29. He then registered as an e-filer a few hours before the

---

[8] Although the record does not contain any documentation identifying the date that the appellant's counsel initially registered as an e-filer, the certificates of service for the orders that the administrative judge issued in April 2014, indicate that this registration occurred between April 3 and 15, 2014. W-2 AF, Tab 14 at 2, Tab 16 at 2.

deadline for filing prehearing submissions;[9] however, instead of electronically filing the appellant's prehearing submissions, he terminated his registration approximately 1 hour later and mailed the prehearing submissions. W-2 AF, Tabs 31-32, 34. As a result, the agency did not receive the appellant's prehearing submissions until the morning of the prehearing conference. W-2 AF, Tab 35 at 6. Given these circumstances, we find that the administrative judge did not abuse her discretion by excluding the appellant's prehearing exhibits from evidence.[10]

The administrative judge did not err by allowing the agency not to call one of its approved witnesses to testify at the hearing.

¶17 The appellant also argues on review that the administrative judge erred by allowing the agency not to call one of its approved witnesses to testify at the hearing. PFR File, Tab 1 at 3-4, 14, 23; *see* W-2 AF, Tab 35 at 5. The witness, a Human Resources (HR) Specialist, was expected to testify about matters pertaining to the withdrawal of the tentative offer for the position in Afghanistan. W-2 AF, Tab 30 at 20.

¶18 The Board has rejected the proposition that an appellant is entitled to cross-examine an approved agency witness who the agency did not call to testify

[9] The parties' prehearing submissions were due on December 9, 2014. W-2 AF, Tab 22 at 2. Although the appellant's counsel registered as an e-filer at 1:35 a.m. on December 10, 2014, W-2, AF, Tab 31, because all pleadings filed via e-Appeal online are time stamped with Eastern Time and the appellant's counsel is located in Hawaii, which is several hours behind Eastern Time, he is deemed to have registered as an e-filer on December 9, 2014. *See* 5 C.F.R. § 1201.14(m) (explaining that all pleadings filed via e-Appeal online are time stamped with Eastern Time; however, the filing date of a pleading filed via e-Appeal online is based on the time zone from which the pleading was submitted).

[10] Moreover, the consequences of this sanction were not particularly severe. Several of the appellant's prehearing exhibits are either located elsewhere in the record or are irrelevant. *Compare* W-2 AF, Tab 10 at 90, 95-96, 109-14, *with* W-2 AF, Tab 34 at 11, 23-24, 47-50. For example, the prehearing exhibits include statements by two individuals who the administrative judge did not approve as witnesses based on her finding that they could not provide any testimony that was relevant to the appellant's IRA claims. W-2 AF, Tab 34 at 118-24; *see* W-2 AF, Tab 35 at 5 n.3.

at the hearing. For example, in *Dubiel v. U.S. Postal Service*, 54 M.S.P.R. 428, 432 (1992), the Board held that the appellant was not prejudiced by not being able to cross-examine a witness who was approved but not called as a witness for the agency, when the appellant had not sought to call the same witness or request a continuance.

¶19    In this case, the appellant had ample opportunity to request the HR Specialist as a witness if she felt that her testimony was necessary, but she did not do so. W-2 AF, Tab 34 at 2. Moreover, even if the appellant was surprised by the agency's decision not to call this witness, she nonetheless failed to demonstrate that she timely requested a continuance to obtain this witness's presence or that such a request was denied. *See Dubiel*, 54 M.S.P.R. at 432. Because the appellant never sought to call the HR Specialist as a witness or request a continuance to take her testimony, she has not established that she was prejudiced by the agency's decision not to call the HR Specialist.

¶20    In arguing that the administrative judge erred by allowing the agency not to call the HR Specialist as a witness at the hearing, the appellant cites to the initial decision in *Heath v. Department of the Navy*, MSPB Docket No. DA-1221-13-0654-B-1, Initial Decision (Jan. 27, 2014). PFR File, Tab 1 at 28. In that IRA appeal, the administrative judge granted corrective action and noted that an agency witness was approved but not called to testify and therefore was not subject to cross-examination. The appellant's reliance on this decision is not persuasive because initial decisions are of no precedential value and cannot be cited or relied on as controlling authority. *See Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 13 (2008), *aff'd*, 596 F.3d 1375 (Fed. Cir. 2010).

The administrative judge did not improperly restrict the appellant's cross-examination of the selecting official for the Financial Manager position.

¶21    The appellant also argues on review that the administrative judge improperly limited her cross-examination of the selecting official for the

Financial Manager position. PFR File, Tab 1 at 3-4. In particular, she asserts that the administrative judge prevented her counsel from cross-examining the selecting official about "another younger person who would be reporting to the [selecting official] and [was working with the HR Specialist] to improve his resume so that it depicted the work experience that [the selecting official] wanted." *Id.* at 23.

¶22    Although she does not identify the "younger person" by name, based on our review of the record, including the cross-examination of the selecting official, she appears to be referring to P.D. W-2 AF, Tab 41 at 24; *see* W-2 AF, Tab 44, Hearing Compact Disc (HCD), Day 2 (testimony of the selecting official). Also, in his January 14, 2011 email to the HR Specialist, the selecting official stated that he wanted to offer P.D. a position and inquired about the start date of another individual. W-2 AF, Tab 41 at 25.

¶23    An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant or immaterial. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000). The record shows that the administrative judge afforded the appellant a full opportunity to cross-examine the selecting official regarding his decision to withdraw the appellant's tentative offer, but sustained the agency's objection to the cross-examination of the selecting official about the individuals mentioned in his January 14, 2011 email because the appellant's counsel's line of inquiry was irrelevant to the issues in this appeal. *See* HCD, Day 2 (testimony of the selecting official). The administrative judge also restricted the appellant's counsel from questioning the selecting official about these individuals because they were not mentioned during the direct examination of the selecting official. *Id.* Based on our review, we find that the administrative judge's ruling on the agency's objection is reasonable and that the appellant has failed to show that the administrative judge abused her discretion by restricting the appellant's counsel's cross-examination of the selecting official.

**NOTICE OF APPEAL RIGHTS**[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.