# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IDIANA MURRAY,
　　　　　Appellant,

　　　v.

OFFICE OF PERSONNEL
　MANAGEMENT,
　　　　　Agency.

DOCKET NUMBER
NY-844E-21-0093-I-1

DATE: April 25, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

James D. Muirhead, Esquire, Hackensack, New Jersey, for the appellant.

Shaquita Stockes and Heather Dowie, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　The agency has filed a petition for review of the initial decision, which reversed the reconsideration decision issued by the Office of Personnel Management (OPM) denying the appellant a decision on the application of her deceased husband (the decedent) for disability retirement benefits. For the

---

[1]　A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the agency's petition for review and REVERSE the initial decision, finding that OPM correctly denied the appellant a decision on the decedent's disability retirement application.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2          The decedent was an employee of the United States Postal Service from 1987 until his death on June 2, 2014.  Initial Appeal File (IAF), Tab 6 at 32, 36, 59-60.  In late 2012, he stopped working upon the recommendation of his treating physician because of his medical conditions and limitations, and he was placed in a leave without pay (LWOP) status on March 1, 2013.  IAF, Tab 6 at 38, Tab 7 at 8, 15, Tab 13, Hearing Recording (HR) (testimony of the appellant).  Due to a requirement that an employee's Federal Employees' Group Life Insurance (FEGLI) coverage stop when the employee remains in a nonpay status for 12 months, the decedent's FEGLI coverage was terminated effective March 8, 2014.  IAF, Tab 6 at 10-11, 20, 37; *see* 5 U.S.C. § 8706(a); 5 C.F.R. §§ 870.601(d)(1), 870.602(a).  In April 2014,[2] the decedent filed an application for disability retirement under the Federal Employees' Retirement System (FERS).  IAF, Tab 7 at 5-23, 34-51.  OPM received his disability retirement application on May 6, 2014.  IAF, Tab 6 at 25.  After the decedent's death on June 2, 2014, the appellant filed a Standard Form (SF) 3104, Application for Death Benefits, with OPM.  Petition for Review (PFR) File, Tab 1 at 24-32.[3]

¶3          In August 2018, the appellant requested that OPM issue a decision on the decedent's April 2014 disability retirement application.  IAF, Tab 6 at 55-57. OPM responded, stating that it would not issue a decision because the decedent

[2] Different dates appear on different parts of the application, but the entirety of the application does not appear to have been filed until April 2014.  IAF, Tab 7 at 5-23, 34-51.

[3] Although the appellant filed two separate SF 3104s, their distinctions do not appear to be material.  *See* PFR File, Tab 1 at 24-32.  The decedent's daughter's separate SF 3104 also has no apparent relevance to this appeal.  *See* IAF, Tab 6 at 39-43.

was still on his agency payroll, in an LWOP status, when he died. *Id.* at 12. In another letter, OPM explained that the decedent's disability retirement claim was "mooted" by the fact that he died as an "employee" as defined in the FERS regulations, and that OPM therefore "re-cut" his retirement case as one of a death-in-service and authorized payment of the survivor annuity and basic employee death benefit to the appellant according to the applicable regulation. *Id.* at 8-9. The appellant requested reconsideration, and OPM affirmed its initial decision in its reconsideration decision, which the appellant appealed to the Board.[4] *Id.* at 6-7, 52; IAF, Tab 1.

¶4 After affording the appellant her requested hearing, the administrative judge reversed OPM's reconsideration decision, finding that OPM was statutorily obligated to adjudicate the decedent's disability retirement application and that the decedent qualified for disability retirement. IAF, Tab 16, Initial Decision (ID) at 5-10. The administrative judge ordered OPM to process the decedent's disability retirement benefits and, based on a finding that OPM's failure to render a decision on the decedent's disability retirement application also invalidated his life insurance, ordered OPM to retroactively reinstate the decedent's life insurance.[5] ID at 6, 10.

¶5 On review, among other arguments, OPM contends that the administrative judge failed to recognize that the decedent's status as an "employee" under FERS death benefit regulations determined the appellant's entitlements, and that the Board lacked jurisdiction to order OPM to reinstate the decedent's life insurance. PFR File, Tab 1 at 10-22. The appellant filed a response. PFR File, Tab 3.

---

[4] In a separate reconsideration decision not appealed to the Board, OPM found the appellant ineligible to receive FEGLI proceeds as a result of the decedent's death. IAF, Tab 6 at 10-11.

[5] The administrative judge did not order interim relief.

<u>Because the decedent was an "employee" as defined in 5 C.F.R. § 843.102 when he died, the appellant was not entitled to benefits awarded to a spouse of a deceased disability retiree and OPM was not required to process the decedent's disability retirement application.</u>

¶6    The appellant's entitlement to a survivor annuity must be determined from the statutes and regulations governing this benefit. *Simpson v. Office of Personnel Management*, 96 M.S.P.R. 52, ¶ 9 (2004). In part 843 of title 5 of the Code of Federal Regulations, the OPM regulations covering FERS death benefits, the term "employee" is defined to "include[] a person who has applied for retirement under FERS but *had not been separated from the service prior to his or her death*, even if the person's retirement would have been retroactively effective upon separation." 5 C.F.R. § 843.102 (emphasis added). "Retiree," on the other hand, is defined as "a *former employee* . . . who is receiving recurring payments under FERS based on service by the employee . . ." and includes a person who, at the time of death, "*had been separated from the service* and had met all the requirements to receive an annuity including having filed an application for the annuity *prior to his or her death*." 5 C.F.R. § 843.102 (emphasis added).

¶7    The provisions of subpart C of part 843 separately address FERS death benefits according to the status of the person on whose service the benefits are based. For instance, 5 C.F.R. § 843.306 provides for an annuity for a spouse of a deceased "non-disability retiree," following which 5 C.F.R. § 843.307 provides for an annuity for a spouse of a deceased "disability retiree." Spouses of both disability and non-disability retirees are also entitled to a supplemental annuity provided in 5 C.F.R. § 843.308. Meanwhile, death benefits awarded to a spouse of an "employee" are set forth in their own separate sections within subpart C, namely 5 C.F.R. § 843.309, which provides for a spouse's entitlement to a defined sum based on the employee's basic or average pay, and 5 C.F.R. § 843.310, which provides for an employee's spouse's entitlement to an annuity. It is thus apparent from the structure of subpart C that the definitions of

"employee" and "retiree" in 5 C.F.R. § 843.102, which invoke different sets of entitlements, were intended to be mutually exclusive.

¶8        These regulations in subpart C parallel the statutory provisions they were promulgated to implement.  Thus, the definition of a "retiree" under 5 C.F.R. § 843.102 is analogous to the definition of an "annuitant" under 5 U.S.C. § 8401(2), which, in relevant part, defines an annuitant as a "former employee" who qualifies for and claims an annuity.  In turn, the regulation providing for death benefits to the widow of a "disability retiree" under 5 C.F.R. § 843.307 is parallel to the statutory provision at 5 U.S.C. § 8442(g) providing for benefits to the widow of a "disability annuitant."  Likewise, the regulatory provision authorizing death benefits to the widow of an "employee" under 5 C.F.R. §§ 843.309-843.310 parallel the statutory provisions authorizing the award of benefits to the widow of an employee found at 5 U.S.C. § 8442(b)(1).  The statutory definition of "employee" is contained in 5 U.S.C. § 8401(11).

¶9        Thus, contrary to the administrative judge's pronouncement, this case does not present a situation in which OPM's litigating position is "wholly unsupported by regulations, rulings, or administrative practice."  ID at 6 (internal citations omitted).  Rather, this case merely requires identifying the appropriate status of the decedent at the time of his death, and determining the benefits payable to the appellant based on that status as prescribed by law and regulation.

¶10       The record establishes that the decedent died as an "employee" and not as a "retiree" as defined in 5 C.F.R. § 843.102, since he was not separated from his former employing agency prior to his death.  IAF, Tab 6 at 8, 36; PFR File, Tab 1 at 29.  As the structure and terms of subpart C indicate, the decedent's status as an "employee" was dispositive in determining the appellant's entitlements upon his death.[6]  OPM therefore appropriately paid the appellant the basic employee

---

[6] In *Jones v. Office of Personnel Management*, 37 M.S.P.R. 163, 167-68 (1988), the Board found a decedent covered under the Civil Service Retirement System (CSRS),

death benefit and the survivor annuity awarded to spouses of deceased "employees" under 5 U.S.C. 8442(b)(1) and 5 C.F.R. §§ 843.309-843.310. IAF, Tab 6 at 8. Conversely, because the decedent was not a "retiree" under 5 C.F.R. § 843.102 or, equivalently, an "annuitant" under 5 U.S.C. § 8401(2) at the time of his death, the appellant was not entitled to benefits awarded to a spouse of a retiree or annuitant who retired due to disability. That the decedent had filed a disability retirement application prior to his death does not affect this outcome, as the definition of "employee" in 5 C.F.R. § 843.102 includes persons who had applied for retirement but were not separated from Federal service prior to their deaths. Any OPM decision on the decedent's disability retirement application would have therefore been superfluous, and the administrative judge erred in finding OPM obligated to render such a decision.

¶11    In its reconsideration decision, OPM cited 5 C.F.R. § 844.203(c)(1), a regulation covering disability retirement applications which states: "OPM will issue its decision in writing to the individual and to the employing agency," and argued that because it could no longer issue a decision to the decedent, this provision justified not issuing any decision on the decedent's disability retirement application. IAF, Tab 6 at 7. In reversing OPM's reconsideration decision, the administrative judge found that 5 U.S.C. § 8461(c) and (d), which state that OPM "shall adjudicate all claims" and "shall determine questions of disability and dependency," respectively, held precedence over OPM's interpretation of 5 C.F.R. § 844.203(c)(1) and obligated OPM to render a decision on the appellant's disability retirement application. ID at 5-6.

under which the definitions of "retiree" and "employee" are essentially the same as those under FERS, *compare* 5 C.F.R. § 843.102, *with* 5 C.F.R. § 831.112(b), to be a "retiree" rather than an "employee" despite not having been separated prior to her death. The Board's decision in *Jones*, however, was based on a circumstance not presented here—OPM finding, prior to the decedent's death, that she was entitled to a disability annuity, 37 M.S.P.R. at 167-68—and *Jones* thus does not control the outcome of this appeal.

¶12    However, even assuming the administrative judge was correct to reject OPM's interpretation of 5 C.F.R. § 844.203(c)(1), she erred in finding that 5 U.S.C. § 8461(c) and (d) entitled the decedent to a decision on his disability retirement application—a decision she then made by granting him disability retirement benefits. ID at 10. Requiring OPM to pay the appellant the death benefits of a widow of a disability retiree would not only contradict the FERS death benefits regulatory scheme as discussed above, but lead to a situation in which the spouse of an "employee" under 5 U.S.C. § 8401(11) is, contrary to 5 U.S.C. § 8442, granted the entitlements of the spouse of a deceased "annuitant," i.e., a "former employee" under 5 U.S.C. § 8401(2). Such a reading would be contrary to the basic rule of statutory construction that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States,* 556 U.S. 303, 314 (2009) (internal quotations omitted); *Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶¶ 7-8 (2013). Further, because specific statutory language aimed at a particular situation ordinarily controls over general statutory language, the specific distinctions in 5 U.S.C. § 8442(b)(1) and (g) between death benefits awarded to the widows of "employees" and the widows of "disability annuitants" control over the general commands in 5 U.S.C. § 8461(c) and (d). *See, e.g.*, *Hall v. Office of Personnel Management*, 102 M.S.P.R. 682, ¶ 9 (2006); *Lee v. Department of Justice*, 99 M.S.P.R. 256, ¶ 25 (2005) (finding the general provisions of the Back Pay Act do not govern remedies for claims under the Uniformed Services Employment and Reemployment Rights Act (USERRA), which contains provisions specifically tailored to remedy USERRA violations). The administrative judge's citation of the Board's statement in *Suter v. Office of Personnel Management*, 88 M.S.P.R. 80, ¶ 8 (2001), that "OPM is required to 'adjudicate all claims' and 'determine questions of disability' arising under the provisions of FERS administered by OPM," ID at 5, does not support her decision, as the purpose of this statement in

*Suter* was to distinguish between the responsibilities of OPM and those of the Office of Workers' Compensation Programs—not to pronounce an unqualified responsibility of OPM. *Suter*, 88 M.S.P.R. 80, ¶ 8.

¶13     In support of her decision, the administrative judge also cited a nonprecedential Board decision and an initial decision to find that OPM has previously rendered decisions on disability retirement applications of deceased applicants. ID at 6 (citing *Rucker v. Office of Personnel Management*, MSPB Docket No. CH-844E-11-0340-B-1, Final Order (Aug. 9, 2013); *Baird v. Office of Personnel Management*, MSPB Docket No. PH-831E-06-0299-I-1, Initial Decision (July 6, 2006)). Nonprecedential Board decisions and initial decisions have no precedential value and the administrative judge erred in relying on them. *Roche v. Department of Transportation*, 110 M.S.P.R. 286, ¶ 13 (2008) (stating that initial decisions have no precedential value), *aff'd*, 596 F.3d 1375 (Fed. Cir. 2010); *National Labor Relations Board v. Beddow*, 47 M.S.P.R. 103, 105 (1991) (same); 5 C.F.R. § 1201.117(c)(2) (stating that nonprecedential decisions "have no precedential value"). However, even in precedential decisions, the Board has ordered OPM to grant disability retirement benefits to deceased applicants. *See, e.g.*, *Widmer v. Office of Personnel Management*, 103 M.S.P.R. 363, ¶¶ 7, 20 (2006); *Thomas v. Office of Personnel Management*, 54 M.S.P.R. 686, 688, 691 (1992). Nevertheless, in both *Widmer* and *Thomas*, the deceased applicants were separated from their respective agencies before their deaths, opening the possibility for them to qualify as "retirees" or "annuitants" entitled to disability retirement annuities.[7] *Widmer*, 103 M.S.P.R. 363, ¶¶ 7, 9; *Thomas*, 54 M.S.P.R. at 687-88. These cases thus do not require that OPM adjudicate the decedent's

---

[7] This is also true for the deceased applicants in the nonprecedential decision and initial decision cited by the administrative judge. *Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 2 (2012); *Rucker v. Office of Personnel Management*, MSPB Docket No. CH-844E-11-0340-B-1, Initial Decision at 1 (Sept. 28, 2012); *Baird*, MSPB Docket No. PH-831E-06-0299-I-1, Initial Decision at 2-3.

disability retirement application as, as noted, he was still an employee at the time of his death.

¶14     Lastly on this issue, as OPM's approval of the decedent's disability retirement application before his death would ostensibly have led to his separation by his former employing agency and conversion from "employee" under 5 U.S.C. § 8401(11) or 5 C.F.R. § 843.102 to "retiree" under 5 C.F.R. § 843.102 or "annuitant" under 5 U.S.C. § 8401(2), the appellant contends that her entitlements should not be affected by OPM's failure to promptly process the decedent's disability retirement application.  IAF, Tab 9 at 7-8.  However, the appellant has provided no statutory or regulatory basis for this claim.  There is no set time limit for OPM to adjudicate disability retirement applications,[8] and the decedent died less than 2 months after he filed his disability retirement application and less than 1 month after OPM received it.  IAF, Tab 6 at 25, 59-60, Tab 7 at 48-51.  The appellant's allegation of OPM delay in processing the decedent's disability retirement application thus does not entitle her to relief.[9]

<u>The administrative judge erred in ordering OPM to reinstate the decedent's FEGLI benefits.</u>

¶15     Finally, the administrative judge erred in ordering OPM to reinstate the decedent's FEGLI benefits.  Not only was her rationale for doing so—that OPM's

---

[8] OPM discloses that it takes 2 months to process retirement applications in common cases and possibly longer for cases of disability retirement.  OPM, *Learn more about applying for retirement benefits*, OPM.GOV, https://www.opm.gov/support/retirement/faq/applying-for-retirement-benefits (last visited Apr. 19, 2023).

[9] While we sympathize with the appellant's situation, the language of the relevant statutory provisions and regulations leaves us with no option.  To avoid such a result in the future, OPM should consider providing disability retirement applicants with explicit notice on this issue.  OPM could, for example, explain on its disability retirement application that, in determining what benefits a decedent's spouse is entitled to, the decedent's status as an "employee" or a "retiree" will be dispositive.  OPM could also explain that the definition of "employee" in 5 C.F.R. § 843.102 includes persons who had applied for retirement but were not separated from Federal service prior to their deaths.

"failure" to render a decision on the decedent's disability retirement application invalidated his life insurance, ID at 6—based on an incorrect premise as discussed above, but the Board lacks jurisdiction over claims concerning Federal life insurance benefits. *Richards v. Office of Personnel Management*, 97 M.S.P.R. 291, ¶ 6 (2004); *see* 5 U.S.C. § 8715. As she was advised in a separate OPM decision finding her ineligible for FEGLI proceeds based on the decedent's death, the appellant was required to appeal this finding of ineligibility to the appropriate Federal district court. IAF, Tab 6 at 10-11.

¶16    In sum, based on the discussion set forth above, we reverse the initial decision and affirm OPM's reconsideration decision.

## NOTICE OF APPEAL RIGHTS[10]

This Final Order is the final decision of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C.  § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S.  ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.